# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| 7-ELEVEN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-cv-5269 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |
| SHAKTI CHICAGO, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

7-Eleven, Inc. brings this claim against Shakti Chicago, Inc., Shakti BCP 1, Inc., Smita 7, Inc., Shakti7, Inc., Shakti 2 Enterprises, Inc., Smita II, Inc., Shakti 1 Enterprises, Inc., Smita 1 Enterprises, Inc., and Ketan Patel (collectively "defendants") for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114(1);1125, breach of contract, and injunctive relief under Illinois law. Currently before the Court is defendants' motion to dismiss 7-Eleven's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, the defendants' motion is granted in part and denied in part.

**Background**

*Factual Summary*

The following facts are undisputed unless otherwise noted. 7-Eleven is a large franchise corporation with its principal place of business in Texas. Ketan Patel is a resident of Illinois and the controlling shareholder of defendants Shakti Chicago, Inc., Shakti BCP 1, Inc., Smita 7, Inc., Shakti7, Inc., Shakti 2 Enterprises, Inc., Smita II, Inc., Shakti 1 Enterprises, Inc., and Smita 1 Enterprises, Inc., all which are incorporated in Illinois.

1

7-Eleven entered into franchise agreements with defendants to operate 7-Eleven stores in the Illinois cities of: Addison, La Grange, Itasca, Schaumburg, Bolingbrook, Lake Forest, and Niles. According to 7-Eleven, defendants were not abiding by wage and hour laws as well as its obligations to pay payroll taxes. On July 27, 2018, 7-Eleven sent each defendant four separate notices of breach of their Franchise Agreement. On August 1, 2018, 7-Eleven delivered a fifth notice of material breach to each of the defendants. The notice resulted in an immediate termination of the Franchise Agreement. On that same date, 7-Eleven filed its complaint.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and raises the right to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

*Preliminary Matters*

The Court will address the declarations that defendants attach to their Rule 12(b)(6) motion to dismiss. Defendants attach two declarations to their motion that, according to defendants, undermine 7-Eleven's complaint. District courts have discretion to exclude extrinsic documents attached to a motion to dismiss rather than relying on said documents and converting the motion into a Rule 56 motion for summary judgment. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). The exception of considering extrinsic documents without converting the motion to dismiss

is "a narrow [one] aimed at cases interpreting, for example, a contract." *See id.* As such, the Court will not consider the declarations where those items are not referred to in the complaint. *See Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (stating documents referred to in plaintiff's complaint and central to its claim are considered part of the pleadings).

*Counts I and II: Injunctive Relief*

Initially, the Court notes that 7-Eleven does not contest that its property and equipment were returned to them. In Count I, 7-Eleven alleges forcible entry and detainer against the defendants for "unlawfully withholding possession" of several 7-Eleven stores. Dkt. 1 at 17. Further, 7-Eleven asserts that it "will be irreparably injured if Defendants are permitted to retain possession of the Stores and 7-Eleven has no adequate remedy at law for that injury." *Id.* at 18. 7-Eleven makes similar allegations in its claim for recovery of chattels subject to a security interest in Count II. *Id.*

In its response to the defendants' motion, 7-Eleven states it "is no longer seeks injunctive relief based on Count I-III." Dkt. 37 at 7. 7-Eleven now argues that it is still entitled to damages based on Counts I and II. But in Counts I and II of the complaint, 7-Eleven seeks injunctive relief as it relates to the equipment and property and explicitly states that "there is no adequate remedy at law." Dkt. 1 at 18. 7-Eleven cannot use its responsive argument to amend its complaint. Accordingly, Counts I and II are dismissed. Defendants' motion to dismiss Count I and II is granted.

*Count III and IV: Breach of Contract*

Count III alleges breach of contract for failure to abide by the agreement's post-termination obligations. Dkt .1 at 19. In Illinois, to state a claim for breach of contract, a plaintiff must allege (1) the existence of a valid contract; (2) that it performed under the contract; (3) breach; and (4) damages. *See Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 577 (7th Cir. 2001) (citing *Hickox v. Bell*, 552 N.E.2d 1133, 1143, 195 Ill.App.3d 976, 992, 142 Ill. Dec. 392 (1990)). The Court finds that 7-Eleven

has adequately stated a claim for breach of contract. 7-Eleven alleges that under the Franchise Agreement, the defendants were required to immediately surrender all 7-Eleven equipment but failed to do so. In Count III, 7-Eleven seeks "lost revenues and profits and diminished goodwill, in an amount to be determined at trial." The defendants' motion to dismiss Count III is denied.

Additionally, 7-Eleven moves to amend Count IV which seeks liquidated damages based on breach of contract. Defendants' motion to dismiss Count IV is, therefore, moot.

*4. Count V-VII: Lanham Act Violations*

Finally, Defendants argue that Counts V through VII should be dismissed because "intervening circumstance[s] authorized Defendants" to operate the stores post-termination of the Franchise Agreements. Dkt. 28 at 9. However, defendants rely on declarations that were attached to its motion to dismiss in support of this argument. As stated previously, the Court declines to include extrinsic documents on the defendants Rule 12(b)(6) motion. *See Levenstein*, 164 F.3d at 347. Defendants' motion to dismiss Counts V-VII is denied.

**Conclusion**

For the reasons explained above, Counts I and II of 7-Eleven's complaint are dismissed. 7-Eleven will be allowed to amend Count IV. The defendants' motion is otherwise denied.

**IT IS SO ORDERED.**

Date: June 14, 2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge