## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| 7-ELEVEN, INC., | ) | |
| | ) | |
| Plaintiff/Counter-defendant, | ) | |
| | ) | Case No. 18-cv-5269 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| | ) | |
| SHAKTI CHICAGO, INC., et al., | ) | |
| | ) | |
| Defendants/Counter-plaintiffs. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter originates from 7-Eleven, Inc.'s claim against Defendants/counter-plaintiffs

Ketan Patel, Shakti Chicago, Inc., Shakti BCP 1, Inc., Smita 7, Inc., Shakti7, Inc., Shakti 2

Enterprises, Inc., Smita II, Inc., Shakti 1 Enterprises, Inc., and Smita 1 Enterprises, Inc. (collectively

"counter-plaintiffs") for trademark infringement, breach of contract, and injunctive relief. Counter-

plaintiffs bring this counterclaim against 7-Eleven alleging breach of the Illinois Franchise

Disclosure Act, 815 ILCS 705/1, et seq., ("IFDA"), breach of contract, and breach of implied

covenant of good faith and fair dealing. Currently before the Court is 7-Eleven's motion to dismiss

[34] counter-plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons explained below, the motion to dismiss is granted.

**Background**

The following facts are taken from the counterclaims and are accepted as true for the

purpose of deciding this motion. 7-Eleven is a franchise corporation with its principal place of

business in Texas. Ketan Patel is the controlling shareholder of counter-plaintiffs Shakti Chicago,

Inc., Shakti BCP 1, Inc., Smita 7, Inc., Shakti7, Inc., Shakti 2 Enterprises, Inc., Smita II, Inc., Shakti 1 Enterprises, Inc., and Smita 1 Enterprises, Inc., all of which are incorporated in Illinois.

Between 2004 and 2016, 7-Eleven entered into franchise agreements with the counter-plaintiffs to operate eight 7-Eleven stores, all located in Illinois. The franchise agreements governing the parties were substantively identical. On July 27, 2018, 7-Eleven sent each of the counter-plaintiffs four notices asserting violations of the franchise agreements. These violations included failures to comply with wage and hour laws and failures to submit accurate payroll information. On August 1, 2018, 7-Eleven served the eight stores with a fifth notice alleging additional violations of the franchise agreement. The fifth noticed asserted that the franchise agreements would be terminated immediately because the parties had already received four previous notices. That same day, 7-Eleven filed a lawsuit for possession of the stores, with the exception of the store located in Niles, Illinois, which 7-Eleven demanded that Patel remove all 7-Eleven signage.

On October 18, 2018, counter-plaintiffs filed its answer and counterclaims. Counter-plaintiffs allege that 7-Eleven improperly terminated the franchise agreements because of Ketan Patel's leadership within the Franchise Owners Association of Chicagoland ("FOAC") as well as Patel's criticism of 7-Eleven's business practices. In Count I, counter-plaintiffs allege that 7-Eleven's immediate termination of the franchise agreement violated the IFDA. In Count II, counter-plaintiffs allege that 7-Eleven's immediate termination violated the franchise agreement. In Count III, counter-plaintiffs allege that 7-Eleven's actions breached the covenant of good faith and fair dealing.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and raises the right

to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

*Breach of the Illinois Franchise Disclosure Act*

As mentioned previously, the counter-plaintiffs allege that 7-Eleven terminated the franchise agreements because of Patel's participation in FOAC, in violation of the IFDA. Section 17 of the IFDA states that "it shall be an unfair practice and a violation of this Act for a franchisor to in any way restrict any franchisee from joining or participating in any trade association." 815 ILCS 705/17.

7-Eleven argues that the counter-plaintiffs fail to state a claim because 7-Eleven had "good cause" to terminate the franchise agreements under the IFDA. The IFDA prohibits terminating a franchise agreement prior to the term's expiration "except for 'good cause.'" 815 ILCS 705/19. Under the IFDA, "good cause" occurs when a franchisee fails to comply with a provision of the franchise agreement; but is given a reasonable opportunity to cure the default. 815 ILCS 705/19(b). A franchise agreement may be terminated "without the requirement of notice and an opportunity to cure," however, when the franchisee "repeatedly fails to comply with the lawful provisions of the franchise or other agreement." 815 ILCS 705/19(c)(4).

7-Eleven contends that the four violation notices sent on July 27, 2018 followed by the fifth notice sent on August 1, 2018, constituted repeated failures to comply with the franchise agreement, thus justifying termination without notice or an opportunity to cure. Although it denies terminating the agreement because of Patel's participation in FOAC, 7-Eleven argues that motive is irrelevant because it had good cause to terminate the franchise agreement.

The counter-plaintiffs do not dispute the accuracy of the four violations sent to each store on July 27, nor the fifth notice sent on August 1. Without any contention that the violation notices are inaccurate, the counter-plaintiffs' claims establish that 7-Eleven had good cause to terminate the franchise agreements. The counter-plaintiffs do not provide, and the Court has not found, any legal support for the argument that a termination for good cause can be "overcome by the presence of an improper motive." *See Tuf Racing Products, Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585, 589 (7th Cir. 2000) (finding motive "irrelevant" when franchisor had legal right to terminate the contract). As such, the Court finds that the counter-plaintiffs fail to state a claim for a violation of the IFDA. 7-Eleven's motion to dismiss Count I is granted.

*Breach of Contract*

7-Eleven argues that the counter-plaintiffs' breach of contract claim should be dismissed. Counter-plaintiffs allege that 7-Eleven breached section 26 of the franchise agreement by terminating the agreement without providing an opportunity to cure. Section 26(b) of the franchise agreements states:

> If you have been served with three (3) separate notices of any Material Breach within the two (2) years before a fourth (4th) Material Breach, *we may terminate this Agreement immediately upon notice to you of the fourth* (4th) Material Breach in such two (2) year period without any opportunity to cure, whether or not such Material Breaches are of the same or different nature and *whether or not such Material Breaches have been cured by you after notice by us.*

Dkt. 1-1 at 33-34 (emphasis added).

A plain reading of the franchise agreement demonstrates that 7-Eleven was not required to provide an opportunity to cure upon the counter-plaintiffs' fifth violation. The franchise agreement sets forth that after a notice of a fourth violation has been served within two years of the first three notices, the agreement may be terminated immediately regardless if it had an opportunity to cure the first three violations. Counter-plaintiffs do not point to any provision of the franchise agreement

that required separate violation notices to be sent on separate days. Because the August 1, 2018 notice of violation was sent within two years of the first four notices, 7-Eleven did not breach the parties' contract by terminating the franchise agreement immediately. As such, the counter-plaintiffs fail to state a claim for breach of contract. 7-Eleven's motion to dismiss Count II is granted.

*Breach of Covenant of Good Faith and Fair Dealing*

Finally, because Count II is dismissed, the Court also dismisses the counter-plaintiffs' claim for breach of covenant of good faith and fair dealing. To state a claim for breach of good faith and fair dealing, a party must establish "the contract vested the opposing party with discretion in performing an obligation under the contract and the opposing party exercised that discretion in bad faith . . . ." *LaSalle Bank Nat'l Assoc. v. Paramount Properties*, 588 F. Supp. 2d 840, 857 (N.D. Ill. 2008) (St. Eve, J.) (internal citation omitted). It is settled law in Illinois, however, that a breach of good faith and fair dealing cannot be an independent cause of action. *See APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 628 (7th Cir. 2002) (citing *Voyles v. Sandia Mortgage Corp.*, 751 N.E.2d 1126, 196 Ill.2d 288, 296, 256 Ill. Dec. 289 (2001)). With no other cause of action remaining, 7-Eleven's motion to dismiss Count III is granted.

**Conclusion**

For the reasons explained above, the Court grants 7-Eleven's motion to dismiss [34]. If the counter-plaintiffs believe they can cure the deficiencies in the counter-claims, they may file a motion for leave to file amended papers with the Court within 30 days of the date of this Order.

**IT IS SO ORDERED.**

Date: 7/26/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge